## HILES, EX PARTE, IN RE.

Ohio Appeals, Second District, Franklin County.

No. 3956.   Decided March 12th, 1947.

Francis K. Cole, Columbus, George T. Tarbutton, Columbus, for petitioner.

Hugh S. Jenkins, Attorney General, C. G. L. Yearick, Asst. Attorney General, Columbus, for respondent.

### OPINION

By THE COURT:

This is an original action upon a writ of habeas corpus. The case is submitted to us upon stipulation of counsel whereby it is agreed that the accompanying stipulation and affidavits may be considered as evidence.  The question before the Court is whether upon this evidence the Court should deny the writ or on the contrary take some further action to obtain additional evidence.

The affidavits and stipulated testimony disclose that William Hiles, the petitioner, was found guilty of robbery by the Common Pleas Court of Scioto County, Ohio, having plead not guilty and waived a jury trial under direction of counsel appointed for him by the Court; that the finding of the trial court was against the manifest weight of the evidence and contrary to law.  The weight of the evidence cannot be considered in a habeas corpus action, but can only be raised on error proceedings.  So this will not be further con-

sidered. The general jurisdiction of the trial court is not questioned but the petitioner is contending that he was denied due process of law because of the conduct of his counsel in requiring him to waive a jury trial, in failing to ask the proper questions of the various witnesses and in his failure to file a motion for a new trial and prosecute error proceedings in his behalf. Citing the case of Johnson v Zerbst, 304 U. S., 458; 146 A. L. R. 357. In this case the Court held the conviction of one who did not effectively waive his constitutional right to the assistance of counsel for the defense is void as having been rendered without jurisdiction and that habeas corpus is an available remedy. Upon this record the claim of the petitioner only goes to the extent of questioning the judgment of his counsel as to the conduct of his defense. The record does not support the conclusion that counsel was incompetent or inefficient. Now the material parts of the stipulated testimony on this subject are as follows:

"That counsel came to his cell and told him that he had better plead guilty to assault; that he informed this counsel that he was not guilty of any assault or robbery and would not so plead; that this counsel then said that he would waive jury trial in order to save time; that petitioner stated that he protested against this waiver and that counsel told him he would not act for petitioner, and that petitioner would have to get other counsel if he insisted on a jury trial; that in consequence petitioner went in and signed a waiver of jury trial when the time came, believing that he would be left without counsel if he did not do so, and not receiving any further advice or information concerning the matter from the Court; * * *.

"That there was a total failure and refusal on the part of petitioner's counsel to offer or to strive to elicit testimony which was available, to the following effect:

"(1) That the parties had all been drinking considerably and that they went to the place where the alleged robbery occurred for the purpose of indulging in intimate or at least amorous relations with the young women.

"(2) That, as bearing on petitioner's intent, in driving to the place of the alleged robbery, petitioner had to use nearly the last gasoline available to him for the ration period which was by no means over at that time in order to drive to the place where the crime occurred.

"(3) That, as bearing on his probable intent and her credibility, said witness who offered evidence damaging to

petitioner had been a maid in petitioner's household and had previously had intimate relations with petitioner.

"(4) That, as bearing upon any significance petitioner would attach to a later altercation between Sagowitz and Gillum, at the time of leaving the tavern Gillum, the victim, offered petitioner $2.00 to induce the young woman accompanying Sagowitz to have intimate relations with Gillum, which offer petitioner refused; and while in the automobile before reaching the scene, Sagowitz told Gillum to stop something he was doing, which remark petitioner supposed to have reference to some gesture of Gillum toward the girl.

\* \* \*

"That petitioner's counsel stated to petitioner, after the finding by the Court, that he would get petitioner a new trial and that petitioner in reliance on this statement and believing that his counsel, who was appointed by the Court, was taking all necessary measures to do so, refrained from active measures to obtain a new trial or to appeal, having in fact no opportunity to take such measures as he was permitted by prison authorities to correspond only with two members of his family: \* \* \* ."

It will be noted that the petitioner admits that he signed the waiver. We are of the opinion that he may have signed the waiver upon the advice of counsel, but find that he was not coerced in doing so. If his counsel retired from the case he should have known that the Court would appoint other counsel upon being advised of the facts.

The failure to elicit the testimony which the petitioner claimed was available is not of such a nature as to prove the incompetency of his counsel. To support his contention we are referred to the case of **State v Cocco, 73 Oh Ap 183,** where the Court held that an accused is entitled to representation by efficient counsel. In this case counsel for the defendant made various statements to the jury which were definitely prejudicial to the defendant, and it was for this reason that the Court found the counsel to be inefficient. These facts are not similar to those in the case at bar.

As to the claim of the petitioner that he was denied the right to have a motion for a new trial filed or an appeal prosecuted, we find the stipulation does not support this conclusion. It does contain the allegation that counsel told the petitioner that he would get a new trial, but that the motion was never filed. The failure of counsel to voluntarily file the motion for a new trial cannot be proof of incompetency of counsel and the record does not show that the petitioner ever

requested that the same be done or that an appeal be prosecuted.

The trial court must have considered counsel to be efficient when he made the appointment and we find the affidavits and stipulated testimony are insufficient to find otherwise.

The writ is denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.