**FABISH, Plaintiff-Appellant, v. SMITH, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3752.   Decided March 23, 1955.

Leo Waldman, Youngstown, for plaintiff-appellant.

William E. Pfau, William E. Pfau, Jr., Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, PJ.

Plaintiff appealed to this court on questions of law from a judgment of the court of common pleas entered upon a jury verdict of $500.00 returned for plaintiff in her action against defendant to recover damages for personal injuries sustained as the result of the negligence of defendant in the operation of his automobile, during daylight, on May 16, 1952.

Plaintiff was riding as the guest of Herman C. Newman in his automobile, which he was driving in a northerly direction on Powersway, a duly dedicated and accepted public highway of the city of Youngstown, approximately thirty feet wide. As the automobile in which plaintiff was riding reached a point a short distance south of the intersection of Windsor Drive with Powersway defendant operated his automobile in a southerly direction, against the current of traffic, onto the easterly side of Powersway, into collision with the car in which she was riding.

There is evidence that at the time of the collision plaintiff was a married woman, aged forty-seven years, passing through the menopause; that by the collision her left shoulder was twisted, bruised and discolored, which when x-rayed showed osteo-arthritic symptoms; that she sustained injuries in the cervical region of the back, which involved the sciatic nerve and radiated down the entire spine and along the nerves of the left hip and thigh to her knee; that as the result of each and all of said injuries plaintiff suffered great physical pain and mental anguish necessitating the administration of opiates and sedatives over a long period of time, and that she is advised that she will continue to suffer great physical pain and mental anguish therefrom in the future; that she now is and since the collision has been under the care of her physician and an orthopedic specialist.

By assignments of error plaintiff contends:—

"1. The amount of damages is inadequate.

"2. The verdict and judgment are not sustained by sufficient evidence.

"3. The verdict is manifestly against the weight of the evidence.

"4. The verdict is contrary to law.

"5. The court erred in his refusal to permit plaintiff's attorney and a witness to use models in explaining the manner in which the accident happened.

"6. The court erred in his remarks, during the taking of the testimony, prejudicial to the rights of plaintiff.

"7: The court erred in failing to sustain the motion of plaintiff for a new trial.

"8. Other errors of law occurring at the trial, all of which have prevented this plaintiff-appellant from having and receiving a fair and just trial."

It appears to be settled law that a verdict of a jury is subject to the supervision of this court, whether such verdict is too large or too small. See **Toledo Railways & Light Company v. Mason, 81 Oh St 463.**

If the evidence discloses that plaintiff is entitled to recover at all and the evidence supports a verdict larger than that returned by the jury this court has power to grant plaintiff relief if the verdict "falls below any rational appraisal or estimate of the damages, even though the inference of passion, prejudice, partiality, or other improper notice on the part of the jury is no more natural or reasonable than the inference of mistake or misapprehension on their part." See **Brannon v. Bowers, 46 Abs 444 at 448.**

It is obvious that the jury having returned a general verdict for plaintiff by its verdict determined that the injury and loss sustained by plaintiff resulted proximately from the negligence of the defendant in the operation of his automobile, and no further attention need be given to the issue of defendant's negligence.

In the state of the record we conclude that the trial judge did not err to plaintiff's prejudice "in his refusal to permit plaintiff's attorney and a witness to use models in explaining the manner in which the accident happened," nor in his remarks made during the taking of testimony with reference to the use of such models. Further, we do not believe that other errors of law occurred "at the trial all of which prevented this plaintiff-appellant from having and receiving a fair and just trial." Under this assignment of error plaintiff argues that the trial judge erred to her prejudice in excusing the jury and compelling it to wait for the greater part of the day while he heard other matters.

It is equally obvious that the jury having found defendant negligent that plaintiff does not intend to argue that its verdict was not sustained by sufficient evidence, was manifestly against the weight of the evidence, nor contrary to law, except as to amount of the verdict. Accordingly, we proceed to discuss plaintiff's first four assigned grounds of error as they apply to the inadequacy of the verdict, which in a word present the question whether the amount of the verdict of the jury was so inadequate as to require a reversal of the judgment of the court of common pleas.

As bearing upon these assigned grounds of error there is evidence, in addition to that already stated, that for two years before suffering injuries from the collision plaintiff had been treated by her physician for symptoms attributable to menopause, and after receiving such in-

juries for the same symptoms for a period of two weeks at her home; that at the end of that time she walked to her physician's office, at which time her attending physician found no objective symptoms; that subsequent to that he treated her for subjective symptoms, which she had before she was injured on May 16, 1952; that x-rays taken over a period of two years following the receipt of her injuries showed no significant change in the ostero-arthritic symptoms in her back; that the orthopedic surgeon who had treated her at no time felt her injuries sufficiently severe to strap the injured part of her body, which strapping was routine procedure by that physician for any serious complaint of pain in her back.

Considering all of the evidence we reach the conclusion that under the state of the record we cannot disturb the verdict of the jury as to the amount of the verdict.

Having found no error prejudicial to the plaintiff in any of the assigned grounds of error we conclude that the judgment of the trial court must be and hereby is affirmed.

NICHOLS and GRIFFITH, JJ, concur.